UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

TECHE VERMILION SUGAR CANE GROWERS ASSOCIATION INC., ET AL.

CASE NO. 6:23-CV-831

VERSUS

JUDGE ROBERT R. SUMMERHAYS

JULIE SU, ET AL.

MAG. JUDGE CAROL B. WHITEHURST

# RULING AND ORDER

Pending before the Court are Plaintiffs' Emergency Motion For Clarification And Revision Of The Court's September 19, 2024 Order And Memorandum Ruling (Doc. Nos. 45 And 46) [ECF No. 47], Defendants' Cross-Motion To Clarify The Scope Of The Injunctive Order [ECF No. 50] and Plaintiffs' Motion To Enforce Preliminary Injunction [ECF No. 51]. Each motion is opposed.

## I. BACKGROUND

In February 2023, the Department of Labor ("DOL") promulgated a regulation—"Adverse Effect Wage Rate Methodology for the Temporary Employment of H-2A Nonimmigrants in Non-Range Occupations in the United States," 88 FR 12760-01 ("the Final Rule")—which sought to change the way the adverse effect wage rate ("AEWR") is calculated for H-2A workers. Under the new method, the AEWR applicable to an H-2A job offer would be determined by the tasks required of prospective employees. The DOL would review the tasks listed in the job offer and identify the Standard Occupational Classification ("SOC") code under which each task falls. If multiple SOC codes were implicated, then the H-2A job offer must advertise the highest AEWR associated with the identified SOC codes.

Plaintiffs—four sugar cane farm operators who employ or plan to employ temporary foreign workers to perform agricultural work through the H-2A program and three associations that represent or advocate for agricultural businesses (the latter hereafter referred to as the

"Association Plaintiffs")—filed this suit, asserting that the Final Rule is invalid. Plaintiffs moved for a preliminary injunction, asking the Court to: (1) enjoin the DOL from enforcing the Final Rule within Louisiana; (2) enjoin the DOL from requiring employers to advertise wages other than those in place before the Final Rule was promulgated; (3) enjoin the DOL from requiring H-2A employers to pay wage rates "resulting from the Final Rule's methodology;" and (4) require the DOL to amend and reissue any H-2A certifications issued prior to any injunction in conformity with the court's orders.

On September 18, 2024, this Court granted the Plaintiffs' motion in part by entering a tailored preliminary injunction. The Court enjoined the DOL from enforcing the Final Rule relative to H-2A workers employed in sugar cane farming and processing operations in the State of Louisiana, and only as to the named Plaintiffs and the members of the Association Plaintiffs who grow, harvest, and process sugar cane in Louisiana.[1] The Court has not ruled on the merits of the case or otherwise entered permanent injunctive relief.

On September 26, 2024, some of the Plaintiffs filed a motion requesting that the Court amend the ruling and order to expand the injunction to include all "present and future" members of the Association Plaintiffs.[2] Defendants oppose expanding the injunction to include future members and ask the Court to list the members of the Association Plaintiffs to whom the injunction applies.[3] Plaintiffs filed a reply in support of their motion.[4]

Defendants simultaneously filed a motion requesting that the Court clarify that the injunction applies to H-2A job orders filed after—or pending when—the injunction went into

---

[1] ECF No. 46.
[2] ECF No. 47.
[3] ECF No. 50.
[4] ECF No. 52.

effect, and does not require the DOL to reissue H-2A approvals made prior to the injunction.[5] Plaintiffs oppose the motion, asserting that the Court's injunction requires the DOL to reissue all H-2A job orders that are currently in effect as to Plaintiffs' H-2A employees with a lower AEWR.[6]

On October 11, 2024, Plaintiffs filed a motion to enforce the preliminary injunction, asking the Court to order the DOL to reissue certain job orders with lower wage rates, which the DOL refused to do when Plaintiffs initially made the request.[7] Defendants oppose the motion to enforce the injunction, arguing that they notified Plaintiffs that the initial rejection of the request to reissue the job orders was issued in error and that they will make a decision on the request after the Court issues a ruling on Defendants' motion to amend or clarify.[8]

## II.
## APPLICABLE LAW

"A preliminary injunction is an 'extraordinary' equitable remedy that is 'never awarded as of right'" whose purpose "is merely to preserve the relative positions of the parties until a trial on the merits can be held."[9] The primary goal of a preliminary injunction is to maintain "the court's power to render a meaningful decision after a trial on the merits."[10] Federal Rule of Civil Procedure 65(d)(1) provides that an order granting an injunction must state (A) the reasons why it issued, (B) its terms specifically, and (C) the acts restrained or required, in reasonable detail. Rule 65(d)(2) provides that an injunction binds the parties, their officers, agents, servants, employees, and attorneys, and those who are "in active concert or participation" with any of those listed, if they receive actual notice of the injunction. Under Rule 54(b), an order that does not adjudicate all

---

[5] ECF No. 50.
[6] ECF No. 52.
[7] ECF No. 51.
[8] ECF No. 55.
[9] *Starbucks Corp. v. McKinney*, 144 S. Ct. 1570, 1576, 219 L. Ed. 2d 99 (2024)(citations omitted).
[10] 11A Wright & Miller, Fed. Prac. & Proc. Civ. § 2947 (3d ed.)(*citing, e.g., Meis v. Sanitas Service Corp.*, 511 F.2d 655, 656 (5th Cir. 1975)).

claims, or adjudicates claims against fewer than all the parties, may be revised at any time prior to entry of final judgment.

## II.
## ANALYSIS

### A. Which Entities Are Entitled To Injunctive Relief?

Plaintiffs' motion asks the Court to expand the preliminary injunction so that it applies to future members of the Association Plaintiffs in addition to entities who were members at the time the injunction was issued.[11] Plaintiffs assert three grounds for this expansion of relief. First, they argue that their membership "changes from year to year."[12] Second, they argue that this Court should follow similar cases and extend the preliminary injunction to future association members to avoid "an endless cycle of litigation" and because injunctive relief is prospective.[13] In support, Plaintiffs cite *Christian Employers Alliance v. Azar*,[14] *Reaching Souls International, Inc. v. Azar*,[15] and *Catholic Benefits Association v. Hargan*.[16] Third, Plaintiffs argue that they are entitled to this relief because they undertook this litigation, and originally requested broader relief than the Court granted.[17]

Defendants oppose including future members because a preliminary injunction is extraordinary relief meant to preserve the status quo pending final disposition of the merits.[18] Plaintiffs are not entitled to relief simply because they initiated a lawsuit, and expanding the injunction to future members would go beyond preserving the status quo.[19] Defendants argue that

---

[11] ECF No. 47 at 2.
[12] *Id.*.
[13] *Id.* at 2-3.
[14] No. 3:16-cv-309, 2019 WL 2130142 (D.N.D. May 15, 2019).
[15] No. Civ-13-1092-D (W.D. Okla. Mar. 15, 2018).
[16] No. Civ-14-685-R (W.D. Okla. Mar. 7, 2018).
[17] ECF No. 47 at 3.
[18] ECF No. 50 at 11-12.
[19] *Id.*

Plaintiffs' cited authority is distinguishable because those cases concerned permanent injunctions, in those cases the agency either conceded liability or did not contest expanding the injunctions' scope, and at the time future members were added there had already been a "deluge of litigation" seeking to expand the injunctions' scope.[20] Alternatively, if the Court expands the injunction to future members, Defendants ask that all future members be required to submit sworn declarations showing the commencement and duration of their membership, and that the injunction only applies to job orders issued to an entity after it becomes a member of an Association Plaintiff.[21]

Defendants separately ask the Court to amend the injunction to list the entities who are covered members of the Association Plaintiffs.[22] In reply, Plaintiffs submit a list of "organization members who should be afforded relief," which includes entities that were members of the Association Plaintiffs when the injunction went into effect and entities who became members afterward.[23] Plaintiffs note that the list is not comprehensive, and request twenty-one (21) days to identify all relevant members.[24]

The Court grants the motion in part. Within twenty-one (21) days from the date of this order, the Association Plaintiffs are to file with the Court and serve on the Defendants a verified list of their members ***as of the date of the present order***. The preliminary injunction previously entered by the Court is modified to clarify that it applies only to the members identified on that list. Once the list is filed, the Court will enter an amended injunction order. However, the Court ***denies*** the request to include members joining the Association Plaintiffs ***after*** the date of this order.

---

[20] ECF No. 50 at 12-13.
[21] *Id.* at 13.
[22] *Id.* at 11.
[23] ECF No. 52 at 9-10.
[24] *Id.*

A preliminary injunction is an extraordinary remedy intended to preserve the status quo between the parties pending a final determination on the merits.[25] It binds the parties and those who are in active participation or concert with the parties regarding the challenged conduct.[26] In light of Rule 65, the Court determined that the preliminary injunction should only apply to the named Plaintiffs and their members as of the date of the injunction order, and not to future members of the Association Plaintiffs. The Court will reconsider the scope of the injunctive relief should Plaintiffs ultimately prevail on the merits of their claims.

The Court notes that Plaintiffs' reliance on *Christian Employers Alliance v. Azar* and the cases cited therein is misplaced.[27] In *Christian Employers Alliance*, the court considered a motion for permanent, rather than preliminary, injunctive relief. There, the agency defendants admitted that the regulations at issue violated their statutory authority and did not contest the request for a permanent injunction, although they disputed that it should apply to the association plaintiffs' future members.[28] On the question of future members, the court in *Christian Employers Alliance* noted that in another case concerning the same regulation—*Catholic Benefits Association LCA v. Sebelius*—the district court declined to extend a preliminary injunction to future association members.[29] However, the court in *Catholic Benefits Association LCA v. Sebelius* ultimately entered a permanent injunction and extended that injunction to future members because the Catholic Benefits Association had filed a second suit seeking the same relief from the same defendants on behalf of members who joined after the preliminary injunction was entered.[30] Due to multiple suits having been filed concerning the same regulation and seeking the same relief, the court in *Christian*

---

[25] *Starbucks*, 144 S. Ct. at 1576.
[26] Fed. R. Civ. P. 65(d).
[27] ECF No. 47 at 3.
[28] *Christian Employers Alliance v. Azar*, No. 3:16-CV-309, 2019 WL 2130142, at *1 (D.N.D. May 15, 2019).
[29] *Catholic Benefits Association LCA v. Sebelius*, 24 F. Supp. 3d 1094, 1106 (W.D. Okla. 2014).
[30] *Christian Employers Allicance*, 2019 WL 2130142 at *5.

*Employers Alliance* reasoned that excluding future members from the permanent injunction "would result in continuous litigation and be a waste of … resources" of the court and litigants.[31]

In contrast, here, the Court has not issued a permanent injunction following a final determination of the merits in the present matter. If Plaintiffs ultimately prevail on the merits and the Court enters a permanent injunction, its scope will be determined in due course. Furthermore, there is no litany of suits by the Association Plaintiffs seeking duplicative relief. Therefore, *Christian Employers Alliance* is inapposite.[32]

Plaintiffs further argue that they are entitled to relief because they expended time and resources by "undertaking the prosecution of this lawsuit" and because the relief they now seek is encompassed by the relief they initially sought.[33] Neither argument provides grounds to expand the injunction to future members.

In light of the above, Plaintiffs' motion to clarify or amend the preliminary injunction is granted in part as set forth above. In all other respects, the motion is denied.

**B. <u>Is the DOL Required To Reissue Prior H-2A Certifications?</u>**

Defendants separately ask the Court to clarify whether the DOL is required to reissue H-2A certifications for job orders that were issued prior to the preliminary injunction with a lower AEWR calculated under the previous methodology.[34] Defendants argue that the AEWR is part of the employment contract into which the H-2A employees and their employers entered, and the contracts executed prior to the injunction should not be disturbed.[35] Defendants further argue that

---

[31] *Id.*

[32] *See also*, *Cath. Benefits Association LCA v. Burwell*, No. CIV-14-240-R, 2014 WL 12160771, at *1 (W.D. Okla. June 26, 2014)(declining to amend the preliminary injunction ordered in *Cath. Benefits Association LCA v. Sebelius* to include future association members), and *Cath. Benefits Association v. Burrows*, No. 1:24-CV-00142, 2024 WL 4315021, at *11 (D.N.D. Sept. 23, 2024)(extending a preliminary injunction to future association members only if they were members at the time of the alleged violation).

[33] ECF No. 47 at 3.

[34] ECF No. 50 at 10.

[35] *Id.*

existing regulations require employers to pay the AEWR on a job order throughout a work period even if the AEWR decreases during that work period, and there is no regulatory process in place to lower the wage on a job order during a work period.[36] Defendants further ask that, if their motion is granted, the Court confirm that the DOL is able to enforce the existing wage terms without falling outside of compliance with the Court's order.[37] If their motion is denied, Defendants ask that if the Court requires them to reissue the pre-injunction job orders with lower wages, it also order that workers who reject the lower wages are entitled to transportation costs home and the three-fourths guarantee imposed by DOL regulation.[38]

Plaintiffs argue that the injunction order invalidated the wage term in their H-2A employees' contracts when it recognized that "[i]f the Final Rule is enjoined, their wages will revert to the DOL's pre-Final Rule AEWR methodology."[39] They further argue that the proper status quo to preserve is the one before the Final Rule went into effect, and that only applying the injunction prospectively would leave Plaintiffs "with work contracts that do not evidence the Court's ruling" and cause them harm in the form of increased labor costs.[40] They argue that further regulation is not required to lower the wage rate mid-season, and the contractual terms covering the three-fourths guarantee and transportation costs have not been deemed null, unlike the wage term.[41]

The Court's preliminary injunction order provides purely prospective relief to preserve the status quo until a decision on the merits. Accordingly, it does not order the DOL to reissue contracts finalized prior to the entry of the injunction. The question posed by Plaintiffs' response to the

---

[36] ECF No. 50 at 10.
[37] *Id.* at 11.
[38] *Id.* at 10.
[39] ECF No. 52 at 6 (citing ECF No. 45 at 49).
[40] *Id.*
[41] *Id.* at 8-9.

Defendants' motion is whether the injunction order, nevertheless, should require the DOL to do so. A preliminary injunction must be explicit in the conduct it requires or forbids, but it must be narrowly tailored because its goal "is merely to preserve the relative positions of the parties until a trial on the merits can be held."[42] The overarching goal of such an injunction is to maintain "the court's power to render a meaningful decision after a trial on the merits."[43]

The parties here agree that the AEWR based on the Final Rule's methodology forms a term in the contract between the Plaintiffs and the relevant employees. Here, Plaintiffs essentially seek to undo the status quo by requiring the DOL to change the terms of contracts entered into prior to the Court's injunction order. Workers who voluntarily traveled to the United States under the H2-A program relied on the terms of these contracts. Accordingly, the Court framed the preliminary injunction order to only impact applications that had not been finalized as of the date the injunction issued. The Court declines to modify the injunction so that it affords retroactive relief.

Plaintiffs cite *Canal Auth. of State of Fla. v. Callaway*[44] to argue that the DOL should have to reissue job orders because the status quo is causing irreparable harm by the DOL's issuance of the Final Rule. However, *Callaway* concerned the potential for irreversible environmental harm, not just economic harm, which could nullify the court's ability to make a meaningful final decision. Furthermore, in *Callaway* the Fifth Circuit noted that even if one party has created the injurious status quo, a court must prevent injury by either "returning to the last uncontested status quo between the parties…or by allowing the parties to take proposed action that the court finds will minimize the irreparable injury."[45]

---

[42] *Starbucks,* 144 S. Ct. at 1576 (citations omitted).
[43] 11A Wright & Miller, Fed. Prac. & Proc. Civ. § 2947 (3d ed.)(*citing, e.g., Meis v. Sanitas Service Corp*., 511 F.2d 655, 656 (5th Cir. 1975)).
[44] 489 F.2d 567, 576 (5th Cir. 1974).
[45] *Id.*

A grant of a preliminary injunction is based on a substantial likelihood of success, not a final decision on the merits. Given the record here, the arguments presented, and the preliminary nature of the injunction sought, the Court found that enjoining the DOL from issuing new employment contracts with wage rates determined by the Final Rule's methodology would minimize irreparable injury to the Plaintiffs pending a final determination on the merits. Plaintiffs note that, when discussing whether the balance of harms and public interest weighed in favor of granting a preliminary injunction, the Court stated that "[i]f the Final Rule is enjoined, [the H-2A employees'] wages will revert" to the pre-Final Rule methodology.[46] To whatever extent that comment was ambiguous within its context, its purpose was to note that the effect of enjoining the Final Rule would not itself exceed the DOL's statutory authority, not to declare the intended effect of a preliminary injunction. Again, a finding that a party is entitled to a preliminary injunction is a finding of substantial likelihood of prevailing, not a final determination.

Accordingly, Defendants' motion for clarification is granted. The Court's preliminary injunction order[47] does not require the reissuance of work orders that had been completed and finalized at the time the order was issued.

### C. Must the DOL be Ordered to Comply With the Injunction?

Finally, Plaintiffs ask the Court to order Defendants to comply with the injunction.[48] Plaintiffs assert that after the injunction order was issued, they asked the DOL to reissue prior work orders with lower AEWRs and that the DOL has refused to comply, in violation of the injunction.[49] Given that the Court's preliminary injunction order does not obligate the DOL to reissue previous job orders, Plaintiffs' motion is denied.

---

[46] ECF No. 52 at 5-6.
[47] ECF No. 46.
[48] ECF No. 51.
[49] ECF No. 51-1 at 2-3.

## IV.
## CONCLUSION

In light of the foregoing,

**IT IS HEREBY ORDERED** that Plaintiffs' Emergency Motion For Clarification And Revision Of The Court's September 19, 2024 Order And Memorandum Ruling (Doc. Nos. 45 And 46) [ECF No. 47] is DENIED IN PART and GRANTED IN PART. The Court declines to expand the preliminary injunction to future members of the Association Plaintiffs. Within twenty-one (21) days of the date of this order, Plaintiffs shall file and provide to Defendants a verified list of their members as of the date of the present order.

**IT IS FURTHER ORDERED** that Defendants' Cross-Motion To Clarify The Scope Of The Injunctive Order [ECF No. 50] is GRANTED. The DOL is not obligated by the preliminary injunction to reissue work orders issued prior to the injunction containing an AEWR determined by the pre-Final Rule methodology. Defendants' enforcement of the wage terms of those contracts will not, alone, be grounds for a finding of failure to comply with the injunction.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion To Enforce Preliminary Injunction [ECF No. 51] is DENIED.

**THUS DONE AND SIGNED** in Chambers, this 7th day of November, 2024.

**ROBERT R. SUMMERHAYS**
**UNITED STATES DISTRICT JUDGE**