UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**TECHE VERMILION SUGAR CANE
GROWERS ASSOCIATION INC., ET AL.**

**VERSUS**

**JULIE SU, ET AL.**

**CASE NO. 6:23-CV-831**

**JUDGE ROBERT R. SUMMERHAYS**

**MAGISTRATE JUDGE CAROL B.
WHITEHURST**

<u>**SECOND AMENDED PRELIMINARY INJUNCTION ORDER**</u>

The Court previously issued an order granting Plaintiff's application for a preliminary injunction [ECF No. 46], as well as an amended preliminary injunction order [ECF No. 61]. In light of Plaintiffs' unopposed motion to amend the list of entities to which the injunction order applies, the Court hereby further amends the prior preliminary injunction orders. The Court's prior orders regarding Defendants' Partial Motion to Dismiss [ECF No. 32] and Defendants' Motion to Dismiss the Amended Complaint [ECF No. 37] are not disturbed by this order [ECF No. 61].

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Plaintiffs' Application for a Preliminary Injunction [ECF No. 3] is GRANTED. Defendants are enjoined from enforcing the Final Rule[1] in the following respects:

(1) The preliminary injunction is limited to H-2A workers employed in sugar cane farming and processing operations in the State of Louisiana.

(2) The preliminary injunction applies only to H-2A workers hired by the named Plaintiffs and by the persons or entities who were members of the Teche Vermilion Sugar Cane Growers' Association, Inc., the Cora Texas Growers & Harvesters Agricultural

---

[1] "Adverse Effect Wage Rate Methodology for the Temporary Employment of H-2A Nonimmigrants in Non-Range Occupations in the United States," 88 FR 12760-01.

Association, Inc., and the American Sugar Cane League (collectively "the Association Plaintiffs") as of November 7, 2024 and who grow, harvest, and process sugar cane in Louisiana. See **Exhibit 1** and **Exhibit 1-A** for the lists of the Association Plaintiffs' members to whom the preliminary injunction applies.

(3) The preliminary injunction applies only to H-2A job orders filed after September 19, 2024 and job orders that were pending a temporary labor certification as of September 19, 2024. Defendants are not required to re-issue any job orders issued prior to September 19, 2024 solely because those orders included an adverse effect wage rate calculated using the methodology in the Final Rule. Defendants' enforcement of the wage terms of job orders issued prior to September 19, 2024 will not, alone, be grounds for finding that Defendants have failed to comply with the preliminary injunction. This order does not prevent Defendants from reissuing such job orders for reasons unrelated to matters at issue in this litigation, nor does it prevent Plaintiffs from challenging such job orders on grounds unrelated to matters at issue in this litigation.

(4) Plaintiffs and their members are not required to provide security for this injunction.

**THUS DONE AND SIGNED** in Chambers, this 16th day of July, 2025.


ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE